

*Served on*
*Charles Best III*
*2/11/2021*
*3:25 PM.*

# COMMONWEALTH OF VIRGINIA

HENRICO CIRCUIT COURT
Civil Division
4309 E. PARHAM ROAD
RICHMOND  VA  23228
(804) 501-5422

Summons

To: VIRGINIA TRAILER SERVICES, INC
C/O CHARLES W. BEST III, ESQ
REGISTERED AGENT
4500 MAIN STREET
SUITE 620
VIRGINIA BEACH VA 23462

Case No. 087CL21000911-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, February 09, 2021

Clerk of Court: HEIDI S BARSHINGER

by _____
(CLERK/DEPUTY CLERK)

Instructions: COMPLAINT, INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSION

Hearing Official:

Attorney's name: SHEA, JOHN C
MARKS & HARRISON, P.C.
1500 FOREST AVENUE, SUITE 100
RICHMOND VA 23229

**Exhibit 1 – Page 1 of 29**

*Private Service*

V I R G I N I A:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

**BURKHON B. YUSUPOV**                                                          **Plaintiff**

**v.**

Case No.: *CL-21-911-00*

**VIRGINIA TRAILER SERVICES, INC.**

**AND**

**SHELTON CREWE, Administrator of the**
**Estate of SHELTON N. SMITH, Deceased**                            **Defendants**

## COMPLAINT

The Plaintiff, Burkhon B. Yusupov, by counsel, moves for judgment, jointly and severally, against the Defendants, Virginia Trailer Services, Inc. and Shelton Crewe, Administrator of the Estate of Shelton N. Smith, deceased, on the grounds and in the amount as hereinafter set forth:

1.      On or about April 17, 2019 on Interstate 64 in Henrico County, Virginia, Shelton N. Smith carelessly, recklessly and/or negligently operated a 2001 Volvo VNM42T so as to cause the said vehicle to collide with a 2018 Freightliner Cascadia operated by Burkhon B. Yusupov.

2.      At the time of the collision herein, Shelton N. Smith was operating a 2001 Volvo VNM42T as an agent and employee of Virginia Trailer Services., and was acting within the scope and course of his employment.

3.      As a direct and proximate result of the aforesaid reckless, careless and/or negligent actions and omissions of Shelton N. Smith, Burkhon B. Yusupov has suffered and will suffer and has incurred and will incur, both in the past and in the future: (a) severe, serious and debilitating physical injuries (including, without limitation, permanent injuries) and effects on his health; (b) physical pain and mental anguish; (c) disfigurement and deformity and associated humiliation and embarrassment;

1

**Exhibit 1 – Page 2 of 29**

(d) inconvenience; (e) expenses for medical care and treatment and related expenses; (f) loss of earnings and/or lessening of earning capacity.

WHEREFORE, the Plaintiff, Burkhon B. Yusupov, demands judgment, jointly and severally, against the Defendants, Virginia Trailer Services, Inc. and Shelton Crewe, Administrator of the Estate of Shelton N. Smith, deceased, in the sum of THREE HUNDRED FIFTY THOUSAND and NO/100 DOLLARS ($350,000.00) plus interest from April 17, 2019 pursuant to §8.01-382 of the *Code of Virginia*, (1950), as amended, and costs.

**TRIAL BY JURY IS DEMANDED.**

BURKHON B. YUSUPOV

By: _____
    Of Counsel

John C. Shea (VSB#17436)
Marks & Harrison, P.C.
1500 Forest Avenue, Suite 100
Richmond, VA 23229
Telephone:  (804) 282-0999
Facsimile:   (804) 288-1853
jshea@marksandharrison.com

Exhibit 1 – Page 3 of 29

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

BURKHON B. YUSUPOV                                           Plaintiff

v.

                                   <u>Case No.:</u>  _____

VIRGINIA TRAILER SERVICES, INC.

AND

SHELTON CREWE, Administrator of the
Estate of SHELTON N. SMITH, Deceased              Defendants

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT VIRGINIA TRAILER SERVICES, INC.

COMES NOW the Plaintiff, Burkhon B. Yusupov, by counsel, pursuant to Rules 4:8 of the Rules of the Supreme Court of Virginia, and propounds the following First Interrogatories Defendant, Virginia Trailer Services, Inc., as well as to any insurance company served herein as an uninsured or underinsured motorist carrier, to be answered in writing under oath, and to be responded to, within twenty-eight (28) days of service.

### Definitions and Instructions

a.        Each of the Interrogatories and Requests for Production is deemed to be continuing in nature. In the event that at any later date or time you obtain any additional facts or documents, obtain or make any assumptions or reach any conclusions, opinions or contentions that are different from or in addition to those set forth in the answers to Interrogatories and responses to Requests for Production, in accordance with the request Plaintiff demands Defendant to amend and supplement the answers to Interrogatories and responses to Requests for Production promptly and sufficiently to

1

Exhibit 1 – Page 4 of 29

identify and produce all such documents and to set forth fully such different names of persons, facts, assumptions, conclusions, opinions and contentions, all pursuant to Rule 4:1(e) (1)-(3) of the Rules of the Supreme Court of Virginia.

      b.     The word "document" means the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, photograph, film, videotape, working paper, chart, paper, graph, index, tape data sheet or data processing card, computer data, computer drive, computer disk, electronically stored data or information, or any other written, recorded, transcribed, punched, taped, filmed, photographic or graphic matter, however produced or reproduced, to which you have or have had access.

      c.     The words "identify" or "identity," when used in reference to a person, mean that you are being asked to state the person's full name, last known address and telephone number, last known job title and business affiliation and job title and business affiliation at the time of the subject collision alleged in the Complaint. When used in reference to a document, the words "identify" or "identity" mean that you are being asked to state the type of document, its date and author and its present location or custodian. If any document being identified is no longer within your possession or under your control, please state what happened to it.

      d.     Unless otherwise indicated, these Interrogatories and Requests for Production refer to the time, place, and circumstances of the occurrence mentioned or complained of in the Complaint.

      e.     Where knowledge or information in possession of a party is requested, such request indicates knowledge of the party's agents, next friend, guardian, representatives, and, unless privileged, his/her/their attorneys.

Exhibit 1 – Page 5 of 29

f.      The terms "describe," "detail" or "indicate" as used herein require that each and every discoverable fact be communicated with particularity.  Where you are asked to describe a document or thing, please respond with such particularity so that your description would be sufficient for a Motion to Produce.

g.      The pronoun "you" refers to the party or parties to whom these Interrogatories and Requests for Production are addressed and the persons mentioned in clause e.

h.      Where appropriate, the masculine gender may be considered to be substituted for the feminine gender or vice versa, and the singular may be considered to be substituted for the plural or vice versa.

i.      "Relevant" as used herein means having significant and demonstrable bearing on the matter or affording evidence tending to prove or disprove the matter at issue or under discussion.

j.      The "Tractor-Trailer" shall mean the Tractor-Trailer referred to in the Complaint.

k.      The "Collision" shall mean the subject collision referred to in the Complaint.

l.      The word, "person," shall include any natural person, association, venture, partnership, corporation, or other entity of any type.

m.      Where any document, information, or knowledge is withheld by you on the basis that it is protected by the work-product doctrine, privilege, or any other claim of protection from discovery, provide the following information:

        (1)      the title or other means of identification of each such document;

        (2)      the subject matter of each such document or of any such information;

        (3)      the date each such document was prepared;

        (4)      the identity of the person or persons who prepared each such document;

Exhibit 1 – Page 6 of 29

(5)   the identity of the person or persons receiving the document or information or for whom such document or information was prepared, as well as the identity of each person receiving copies of the said document;

(6)   the present location of any and all copies of each such document in the possession, custody, or control of you;

(7)   the identity of any and all persons who have custody or control of each such document or copies thereof or who have knowledge of such information;

(8)   a description of the factual and legal basis for the alleged privilege, protection, or other reason for nonproduction asserted by you.

4

Exhibit 1 – Page 7 of 29

*INTERROGATORIES*

1.      State your full corporate name and all names by which you were known or under which you were doing business at the time of the Collision, and for each such name give the actual name, address, and Interstate Commerce Commission or other interstate motor carrier identification number of the corporation doing business under that name.

**ANSWER:**

2.      Identify any and all owners, operators, lessors, lessees, shippers and other persons who operated, possessed, had custody or control of, or had any interest in the Tractor-Trailer (the tractor, the trailer, the chassis, and/or the container) on the date of and during the one (1) month preceding and one (1) month following the Collision referred to in the Complaint, and describe the nature of the interest of each such person in the Tractor-Trailer and each portion thereof.

**ANSWER:**

**Exhibit 1 – Page 8 of 29**

3.      Identify all persons who loaded or unloaded or had any interest in the load which was on the Tractor-Trailer at the time of the Collision, and state where and when the Tractor-Trailer was loaded and unloaded at any and all times on April 16, 2019, April 17, 2019 and April 18, 2019.

**ANSWER:**

4.      Describe in detail when and how you first became aware that Shelton N. Smith was involved in the Collision, and exactly what information was conveyed, by whom and to whom during that communication.

**ANSWER:**

Exhibit 1 – Page 9 of 29

5.      Describe any photograph, motion picture, diagram, drawing, schematic, videotape, illustration, simulation, animation, reconstruction, test, experiment, study, visualization or other visual depiction or description of the Collision, the location of the Collision, the vehicles involved or any person involved in the Collision, which is in your possession, to which you have access or of which you have knowledge.  List each such item identifying and describing its subject matter, the date or dates upon which each was prepared or taken, the persons involved, by whom it was prepared or taken, the activities involved, the findings and results of the activities, and the identity of the person who now has custody or possession thereof.

**ANSWER:**

6.      Give your version of how the Collision occurred, including without being limited to the speed, movement and location of each vehicle involved at all material times prior to the Collision, during the Collision, and until such vehicles came to a stop after the Collision occurred.

**ANSWER:**

**Exhibit 1 – Page 10 of 29**

7.     Identify each policy of insurance which affords or may afford liability coverage with respect to the Collision, to a) you, b) the driver of the Tractor-Trailer, c) any other Defendant, d) any owners, operators, lessors, lessees, shippers and other persons having an interest in the Tractor-Trailer (and/or the tractor, the trailer, or the load), and further including all policies insuring the Tractor-Trailer (the tractor, the trailer, and/or the load); all policies under which any Defendant is or may be an additional insured; and any excess, umbrella or other policies.  For each policy listed, state the name and address of the named insured and of the insurance company; the policy number; the policy period and the limits of liability coverage for personal injuries and property damage; whether there is a deductible or retention amount, and if so, what amount; whether coverage is provided through self insurance; if so, whether there is excess coverage provided by another company and if so the point at which that coverage becomes available and the limits of that coverage; and whether question or doubt exists as to rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

**ANSWER:**

8

Exhibit 1 – Page 11 of 29

8.      Describe in detail:

a.      The relationship between Virginia Trailer Services, Inc., and Shelton N. Smith on April 17, 2019 (e.g., lease operator, company driver, owner-operator, temporary driver, etc.);

b.      How Shelton N. Smith was paid at that time (by hour, by load, by mile, salary or other); and

c.      When Virginia Trailer Services, Inc.'s relationship with Shelton N. Smith began.

**ANSWER:**

9.      Was the Tractor-Trailer involved in this Collision equipped with a G.P.S. computer or other on-board tracking system at the time of the Collision?   If so, state the type system (*e.g.* Qualcomm, Omni Express, Terrion Fleet View, etc.)

**ANSWER:**

9

**Exhibit 1 – Page 12 of 29**

10.     Was the Tractor-Trailer involved in this Collision equipped with computer e-mail or similar contact capability at the time of the Collision?  If so, state the type of system used.

**ANSWER:**

11.     Was the Tractor-Trailer involved in this Collision equipped with on-board data records (*e.g.* black boxes, electronic control modules, data logging units, etc.)?  If so, for each such device, state the following:

a.     The type of device and its location (*e.g.* transmission, engine, airbag system, etc.);

b.     The settings for all owner/driver controlled or programmed parameters (*e.g.* deceleration rates for hard or quick stops, vehicle speed limits, cruise control parameters, etc.);

c.     Whether any parameters or features were disabled, turned-off, or otherwise overridden, and if so, which ones and by whom;

d.     A detailed description of any efforts that were made to retrieve or preserve the information contained in such devices following this Collision; and

e.     Whether you have a policy regarding retrieval and/or preservation of information from such devices, and if so, a detailed explanation of that policy.

**ANSWER:**

10

Exhibit 1 – Page 13 of 29

12.     Identify all cellular telephone companies for which Shelton N. Smith had a phone or for which Virginia Trailer Services, Inc. provided a phone to him.   Additionally, please identify all such phone numbers associated with any cellular telephone referenced above.

**ANSWER:**

13.     If not already identified, identify any person having knowledge of facts or information relevant to or pertaining in any manner to the allegations of the Complaint, any of Defendant's defenses to the Complaint, or any Answers or Responses to Plaintiff's First Interrogatories and First Requests for Production.  With regard to each such person, state any facts or information known to that person.

**ANSWER:**

11

Exhibit 1 – Page 14 of 29

14.     State the names, addresses, and telephone numbers of each person who will, or may be called as a witness by you upon the trial of this action, and as to each witness who will or may be called as an expert witness by you, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.  As to any textual material upon which the expert will rely and for each such text, identify the name of the text, the edition, the year of the publication, and the page or pages of said text upon which the expert witness will rely.  Also identify all documents concerning or memorializing each expert's findings, conclusions, and opinions and all materials upon which the expert is expected to review and/or rely upon in forming his opinions.  In addition, attach to your Answers a copy of each document identified.

**ANSWER:**

Exhibit 1 – Page 15 of 29

**A continuing answer to all of the foregoing Interrogatories is demanded.**

                                    **BURKHON B. YUSUPOV**


                          By:  _____
                               Of Counsel

John C. Shea (VSB#17436)
Marks & Harrison, P.C.
1500 Forest Avenue, Suite 100
Richmond, VA  23229
Telephone:  (804) 282-0999
Facsimile:  (804) 288-1853
jshea@marksandharrison.com

13

Exhibit 1 – Page 16 of 29

VIRGINIA:

### IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

BURKHON B. YUSUPOV                                                      **Plaintiff**

v.                                               Case No.: _____

VIRGINIA TRAILER SERVICES, INC.

AND

SHELTON CREWE, Administrator of the
Estate of SHELTON N. SMITH, Deceased                        **Defendants**

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
### OF DOCUMENTS AND THINGS
### TO DEFENDANT VIRGINIA TRAILER SERVICES, INC.

Plaintiff, Burkhon B. Yusupov, by counsel, pursuant to Rule 4:9 of the Rules of the Supreme

Court of Virginia, propounds the following First Requests for Production of Documents and Things

to Defendant, Virginia Trailer Services, Inc., as well as to any insurance company served herein as

the uninsured or underinsured motorist carrier.  Responses to these Requests for Production, together

with all requested documents and things, must be delivered to the offices of Marks & Harrison, P.C.;

1500 Forest Avenue, Suite 100; Richmond, Virginia 23229; within twenty-eight (28) days of service.

The Definitions and Instructions set forth in Plaintiff's First Interrogatories apply to these Requests

and are incorporated herein by reference.

1

**Exhibit 1 – Page 17 of 29**

### *REQUESTS FOR PRODUCTION*

1.      Documents and things relating to any load on the Tractor-Trailer on the day of, the day before, and the day after the Collision including weight tickets, overweight permits, any other documents relating to the weight of the Tractor-Trailer or its load, shipping documents, bills of lading, loading documents, unloading documents, shipping manifests, delivery receipts, invoices, etc.

**RESPONSE:**

2.      Documents and things constituting, containing, or relating to any photograph, sketch, map, motion picture, diagram, drawing, schematic, videotape, illustration, simulation, animation, test, experiment, study, recreation, reconstruction, trajectory projection, visualization, or other visual depiction or description of or relating to the Collision, the location of the happening of the Collision, the vehicles (and any load thereon) or any person involved in the Collision, which is in your possession, to which you have access, or of which you have knowledge.

**RESPONSE:**

3.      Documents constituting or containing any repair bills concerning the damages caused to any vehicle involved in the Collision.

**RESPONSE:**

Exhibit 1 – Page 18 of 29

4.      A copy of all insurance policies (including declaration sheets) providing or which may provide coverage for any claim asserted in the Complaint and a copy of any of the policies or other agreements which were identified in your Answer to these Interrogatories.

**RESPONSE:**

5.      All documents obtained by subpoena *duces tecum* or other discovery during the course of this litigation.

**RESPONSE:**

6.      All documents of any kind that relate to any pre-employment background investigation of Shelton N. Smith, including without limitation any investigation of Mr. Smith's qualifications, character, driving history, training, criminal history, drug use, financial responsibility, medical conditions, health conditions, and/or any other matter relevant to employment with Virginia Trailer Services, Inc. This specifically includes all data and information obtained through the Federal Motor Carrier Safety Regulations' Pre-Employment Screening Program.

**RESPONSE:**

3

**Exhibit 1 – Page 19 of 29**

7.      Complete personnel file of Shelton N. Smith.

**RESPONSE:**

8.      All on-board data records (*e.g.* black boxes, engine data recorders, or electronic control modules) and any electronic data, printout or analysis of information from such devices relating to the Collision.

**RESPONSE:**

9.      If the tractor at issue was equipped with a lane departure warning system or collision warning system (e.g., VORAD) produce the printout of the downloaded data and to the degree possible produce the data file in its original format.

**RESPONSE:**

4

Exhibit 1 – Page 20 of 29

10.     If the tractor was equipped with any on-board audio or video recording or monitoring devices and/or any other driver safety monitoring system produce everything that was retrieved or could be retrieved from such devices and systems.

**RESPONSE:**

11.     Accident files, records and reports of the Collision sent by, or on behalf of, you to the DOT and/or any other governmental or regulatory entity.

**RESPONSE:**

12.     All documents constituting or containing records of duty status, driver's daily logs, time records, and time cards Shelton N. Smith for the date of the Collision and three (3) months prior to the Collision.

**RESPONSE:**

5

**Exhibit 1 – Page 21 of 29**

13.    Copies of all accident reports (including federal, state, municipal and company reports) or other accident records concerning all collisions in which Shelton N. Smith was involved to include the Collision and all previous collisions.

**RESPONSE:**

14.    If the Tractor-Trailer or any portion thereof was leased at the time of the Collision, a copy of any and all lease agreements applicable on the date of the Collision and at any time during the previous year.

**RESPONSE:**

15.    A copy of each indemnification agreement or other agreement which applies or may apply to liabilities arising out of the Collision.

**RESPONSE:**

6

**Exhibit 1 – Page 22 of 29**

16.     Documents recording, noting, or relating to truck driving training of Shelton N. Smith, to include operating practices with respect to speed, following distances, stopping, proper lane of operation, turning, loading, weight, placement and securing of load, inspection of load, inspection of vehicles, braking, and maintenance of records by driver including trip logs, driving time records, and inspection records.

**RESPONSE:**

17.     Documents relating to any collisions; disciplinary, legal or regulatory action; traffic or criminal charges; and violations or alleged violations of any statute, regulation, or other law, involving Shelton N. Smith.

**RESPONSE:**

18.     Produce copies of all emails between Shelton N. Smith and Virginia Trailer Services, Inc. for the time period beginning ninety (90) days prior to the Collision and present.

**RESPONSE:**

7

**Exhibit 1 – Page 23 of 29**

19.    The curriculum vitae of any expert witness identified by you in answer to Interrogatories.

**RESPONSE:**

20.    All reports and/or other written communication of any expert witness identified by you in answer to Interrogatories (both in draft and in final form) in connection with the expert witness formulating his opinions.

**RESPONSE:**

**A continuing response to all of the foregoing Requests is demanded.**

                          **BURKHON B. YUSUPOV**

                     By:  _____
                          Of Counsel

John C. Shea (VSB#17436)
Marks & Harrison, P.C.
1500 Forest Avenue, Suite 100
Richmond, VA  23229
Telephone:  (804) 282-0999
Facsimile:  (804) 288-1853
jshea@marksandharrison.com

Exhibit 1 – Page 24 of 29

VIRGINIA:

IN THE CIRCUIT COURT OF THE COUNTY OF HENRICO

BURKHON B. YUSUPOV                                                    Plaintiff

v.

Case No.: _____

VIRGINIA TRAILER SERVICES, INC.

AND

SHELTON CREWE, Administrator of the
Estate of SHELTON N. SMITH, Deceased                    Defendants

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS
## TO VIRGINIA TRAILER SERVICES, INC.

COMES NOW the Plaintiff, Burkhon B. Yusupov, by counsel, and pursuant to the Rules of the Supreme Court of Virginia propounds the following First Requests for Admission to the Defendant, Virginia Trailer Services, Inc., each request to be specifically admitted or denied within twenty-one (21) days from service.

1.      Virginia Trailer Services, Inc. is properly identified as the motor carrier involved in the Subject Collision.

**Answer:**

2.      The DOT number for Virginia Trailer Services, Inc. is 00294222.

**Answer:**

1

**Exhibit 1 – Page 25 of 29**

3.    Virginia Trailer Services, Inc.was involved in intrastate transport at the time of the Subject Collision.

**Answer:**

4.    Virginia Trailer Services, Inc. was involved in interstate transport at the time of the Subject Collision.

**Answer:**

5.    At the time of the Subject Collision, Virginia Trailer Services, Inc. was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

**Answer:**

6.    Virginia Trailer Services, Inc. was the owner of a tractor involved in the Subject Collision.

**Answer:**

2

**Exhibit 1 – Page 26 of 29**

7.      On April 17, 2019, Virginia Trailer Services, Inc. was the owner of a trailer involved in the Subject Collision.

**Answer:**

8.      At the time of the Subject Collision, Shelton N. Smith was an agent of Virginia Trailer Services, Inc.

**Answer:**

9.      At the time of the Subject Collision, Shelton N. Smith was an employee of Virginia Trailer Services, Inc.

**Answer:**

10.      At the time of the Subject Collision, Shelton N. Smith was acting within the course and scope of his employment or agency with Virginia Trailer Services, Inc.

**Answer:**

3

**Exhibit 1 – Page 27 of 29**

11.     At the time of the Subject Collision, Shelton N. Smith was operating the tractor trailer owned by Virginia Trailer Services, Inc.

**Answer:**

12.     At the time of the Subject Collision, Shelton N. Smith was operating the tractor-trailer with the permission of Virginia Trailer Services, Inc.

**Answer:**

13.     At the time of the Subject Collision, Shelton N. Smith was operating the tractor-trailer with the knowledge of Virginia Trailer Services, Inc.

**Answer:**

14.     No act of Burkhon B. Yusupov contributed to the cause of the Subject Collision.

**Answer:**

4

Exhibit 1 – Page 28 of 29

15.    There was no failure to act by Burkhon B. Yusupov, which contributed to the cause of the Subject Collision.

**Answer:**

16.    Shelton N. Smith is fully responsible for causing the Subject Collision.

**Answer:**

17.    Virginia Trailer Services, Inc. is properly identified in the Complaint.

**Answer:**

                                        **BURKHON B. YUSUPOV**

                              By:    _____
                                        Of Counsel

John C. Shea (VSB#17436)
Marks & Harrison, P.C.
1500 Forest Avenue, Suite 100
Richmond, VA 23229
Telephone:  (804) 282-0999
Facsimile:  (804) 288-1853
jshea@marksandharrison.com

5

**Exhibit 1 – Page 29 of 29**